Mr. Denenberg. Yes, Your Honor. You may proceed. Thank you. Good morning, Your Honors. May you please the court. TDM's argument rests mainly on the improper claim construction of two terms of both the 614 and the 862 patents. That is accumulating a batch of waste material in the mixer as well as weighing that batch in order to determine how much additive to mean accumulating a discrete amount, but then added a claim limitation that doesn't exist in the claims, doesn't exist in the specification, and particularly doesn't exist in the intrinsic evidence, which includes a re-examination, where the patent examiner, giving an expert view of what one ordinary skill in the art would say, expressly rejected the notion that this limitation means that a single batch must be fully loaded, processed, mixed, and discharged before another discrete amount may accumulate. Yes, sir. The key distinction here is the government says their process is continuous, whereas the batch process has interruptions as you do each batch, right? Is that kind of the general... That's kind of... I would agree that that is... The key... How did you approach that subject when you were in the re-examination and you were presented with the CHEMFIX II process, which was continuous? Did you emphasize that your batch separation process distinguished you from CHEMFIX? We argued throughout in the re-examination, as well as for Judge Wheeler, that a continuous process is, as was said in chemical separation here, a process where the flow into a processor and the flow out of a processor is constant, not just a continuous variable flow, which would be subject to accumulation. If 10 grams per minute are going in and 3 grams per minute are going out, obviously there would be an accumulation. During the re-exam, didn't you argue that the continuous process under the CHEMFIX II did not accumulate a batch and that your process did accumulate a batch and therefore it was not anticipated or made obvious? Yes, but CHEMFIX II... There's really no but. What we argued was that in CHEMFIX II, and this is what's important, CHEMFIX II was a two-stage process. The first stage was variable flow of material being conveyed into a mixer, where the examiner said throughout the time that if you can mix... I'm sorry, if you can weigh the material going into this homogenized then you must have a batch in order to weigh. And we agreed that there is a batch going into the homogenizer. The second stage of the CHEMFIX II process, after weighing in the homogenizer, water was added based on weight in order to get a continuous flowable material, a consistent continuous flowable material to the second phase of the CHEMFIX II process. It seems to me that the argument at the re-exam was that the CHEMFIX II cannot accumulate a batch and that your process did work on a batch system. We agreed with the examiner that the first stage of the CHEMFIX II process, which had a continuous flow of variable amounts of material, did accumulate a batch in the CHEMFIX II process. The second stage of the CHEMFIX II process, after weighing in the homogenizer, what went into the mixer of CHEMFIX II, where the additive was added, you didn't know the weight. You had a constant flow, a constant and controllable flow in, which flow equaled the flow out. Therefore, at the mixer in CHEMFIX II, there was no accumulation. The examiner then agreed and said the 614 patent, which required a homogenizer and a mixer and required accumulation at the mixer and weighing so that you know how much additive to add, he said, you're right. At CHEMFIX II, where the additive is added, there is a constant flow in and out, the steady throughput. So there is no accumulation and you really don't know the weight of the material because you've added water at that point and you're really just controlling the flow. Right at the end, when the patent examiner agreed that this second stage was truly a continuous process, he said, but wait a second, the 862 patent combines homogenizing and mixing in one step, one processor. So I'm still rejecting the 862 patent because in the first phase, you have this inconsistent, continuous flow of variable amounts of material, which is subject to weighing. And the examiner said expressly, if you can weigh, you have a batch. And it doesn't matter. He rejected what Judge Wheeler said specifically. So it doesn't matter how long it resides in the mixer or the one stage. So why is not the CHEMFIX II homogenizer anticipatory of the 1862 step? We said to the examiner, but there's no additive added. The whole purpose of weighing is to correlate to an amount of additive. The examiner said, well, water is an additive. So it anticipates and I'm rejecting those claims. And then we said, let's be clear, you're not rejecting these claims because you don't think a steady flow of variable amounts of material is still a batch and accumulating a batch. You're not rejecting because weighing before the processor is still weighing. You're rejecting because you think water, I mean, we're agreeing. I'm sorry, let me say that again. We agreed with the examiner. You're right. The first stage of the process does anticipate accumulating a batch. A variable flow subject to weighing means batch has to be accumulated and weighing on the conveyor before the processor is weighing. We never said order was important, but we said in that first stage, the homogenizer of CHEMFIX II, water can't be an additive. And we showed all existing art at the time that water was never an additive. I'm having a little trouble following the minutiae of your argument at the re-exam, but I do think I can see that there is a correlation between this CHEMFIX process and the government's EIC and clean earth processes. They are not accumulating a batch, weighing it and making an additive. They are actually weighing it while it is in a pug mill moving through the system continuously. So there is a distinction, isn't here, that the trial court properly relied on. Saving it directly, isn't the government's processes more like the prior art than it's like your system? No, your honor. The government's process differed from the CHEMFIX II prior art because the government's process was one phase, not two. The government's process, similar to the first processor of CHEMFIX II, had this variable flow in that was subject to weighing as the material entered the processor. But aren't both processes continuous? No, neither. The CHEMFIX II first stage is not a continuous process and the government's process is not a continuous process. The only continuous process would be the mixer phase of CHEMFIX II where a consistent flowable mixture has been formed such that the flow rate in and out of the processor were constant. The government's experts agreed that they are accumulating material... Mr. Denenberg, it's pretty clear from the prior art that this general way of processing pollutants that we dredge out of our waterways is known. You're really asking us to find infringement based on some pretty narrow limitations, including this batch system of processing it. Isn't their processing, the government's processing system, closer to the CHEMFIX than it's closer than yours? And when we start looking at these minutiae, because the general process is pretty well known, isn't the trial court pretty correct? No, sir. What is their fundamental error? The fundamental error is that the CHEMFIX, I'm sorry, the clean earth process is a batch process. They admitted in the Barkamp Mine article that it's a batch process. They are weighing, which is the limitation, is weighing each discrete amount. They weigh each discrete amount as it goes into the processor. The examiner said weighing means that you must have a batch to weigh and the claims do not require that each specific batch reside in the batch. They're weighing it as it moves along the pug mill. What is the batch? There might be more stuff behind one pug mill paddle than there is another. Which is the batch or is the whole thing the batch? What is the batch? The batch is the amount that is weighed at any given time on the batch. What could be more of a discrete amount? But notice that your claim first accumulates the batch and then weighs it. Your Honor. You're doing it the other way around. You're saying, well, anything they weigh is a batch. But that isn't what your claim says. It says in a series of very specific steps, first you've got to accumulate the batch and then we'll weigh it. And I'm asking you, where is the batch in this amalgam of material that's moving through this conveyor belt system in the government's process? I disagree with the fact that weighing must be in the mixer or after the batch is accumulated. That's how the claim reads. The claim has a logical order to it and it says accumulating a batch of waste material in said mixer. Then it goes on and says weighing said batch of waste material. Now, if we were to turn these around, we wouldn't know. It'd be ambiguous. Where it would say weighing said batch, we'd look around and go, what batch? Your Honor, specifically looking at the 614 patent, claim one, where order makes a difference, the claims make it very, very specific. All you have to do is look at the claim language. Homogenizing said waste material in the homogenizer, dropping said waste material into a mixer after homogenizing said mixer located below. So the step before accumulating a batch, the order is given significance. Accumulating a batch of waste material in said mixer, but then it says weighing said batch of waste material to determine an amount of additive to be added. The significance of weighing, it never says weighing in the mixer. The significance of weighing is to know how much waste material, how much additive to correlate. Clean Earth weighs, Clean Earth conveys material into a mixer and as the material is going into a mixer, you have to have a discrete amount at some point in order to weigh it on their belt scale or weight range. EIC has each bucket and they weigh an amount on a scale, a known volume on a scale to know how much is in each. They are not doing flow rate. And that flow rate is determining the additive. Not at all, not at all, your honor. There is no flow rate. What is being calculated is the weight on the belt scale. That finding made by the trial court, that there was a distinction between your process of accumulating a batch and the EIC process of weighing something as it flows through. Your honor, that's an error as a matter of law. What's being weighed on a belt scale as admitted by the U.S.'s own expert was the weight on that scale at that given time. And the defendant's Would that be factual? I think he's finding that they do not, that their system is different from the claimed process. Your honor, if the material, no, the expert agreed that the material accumulated in the Clean Earth and the EIC process in the mixer. He relied on the fact that let's take relied on was, yeah, we accumulate different amounts of material. But we never do a single batch where you start and stop. The examiner in the re-exam gives us intrinsic evidence where the first page of temp fix two anticipates weight and anticipates accumulating, even though continuously amount is being conveyed. If it's subject to weighing, you have to have a batch to weigh. Mr. Denberg, we've expired your time. Let's do this. We'll give you back three minutes for rebuttal. Thank you, your honor. Very nice of you. Mr. Brown, you'll have 18 minutes then if you need to use it. Okay. Thank you, your honor. May it please the court. A central issue in this appeal is the construction of two elements, the so-called batch limitations and the weighing limitations. And as set forth in our brief, we believe the intrinsic and extrinsic evidence of record clearly supports trial court's constructions. First, regarding the batch limitations, batch limitations read, quote, accumulating a batch of waste material in the or said mixer. Trial court properly construed this to mean a separate and discrete amount of material. When I read that, I was thinking in terms of what would I call a batch? And a batch of cookies came to mind. And I could see my wife putting cookies into an oven, let them cook, and then coming out, that's the batch, that's TDM's process. Then I, or at least that's how some would construct. But then I thought, well, I've seen my wife during holidays just put in a batch, take it out, and she's got to know it. She puts it in the oven, takes it out, puts it in the oven, and it seems to me that that's a continuous process as well. It's a continuous process of batch cookies. Well, I think your understanding is of a generic sense of a batch. We are arguing it in that way. We also are arguing that the same general understanding of batch would apply to which I don't know how your wife does cookies. But I would say that even in the example you're giving, you have a, usually I would assume a tray of cookies that would be separate from another tray. I would assume they're not mixing and matching, pulling out some cookies, adding some to the tray. You're pulling out the whole tray, putting the whole tray in. If that's the case, I would agree with you. That fits. So here you have buckets and they have a mixture. And it's the process. In one of these processes you have buckets. It's just moving along. Well, first of all, the part of the process we're talking about is the mixer and whether you accumulate a batch in the mixer. The part of the process with EIC that you're referring to is a bucket elevator that moves the material up to a funnel, which eventually goes to a mixer. And we've actually cited the specific testimony of the 30B6 witness, Branko, who when asked about this concept of the buckets specifically refuted it, talking about the speed and the really, he referred to the fact there's only inches between the buckets. So you're talking about a very rapid individual bucket flow, which quickly becomes a continuous flow as it enters the mixer. So is it then correct that for every bucket, each one is weighed in order to determine the amount of additives added? That's not correct, Your Honor, I don't think. What they're calculating is they know how much material would be in one particular bucket. They know how fast they're moving the buckets and the buckets don't stop. Mr. Branko is very clear about that. The evidence director is very clear about that. If you know how much material is in the bucket, isn't that a batch? Well, it's not a batch in the mixer because it quickly, within seconds, is joined by many other Whatever is in the bucket, that known weight or known quantity rather, that's dumped into the mixer. That's correct. With other batches. You may say that an individual bucket, if you were to freeze time, might be a batch. However, by the time you get to the funnel part that leads into the mixer, all those batches are being piled on top of each other. So the fact that it may have been a batch of material in the bucket elevator, with regard to the mixer, it's a continuous flow of material. If you were to be watching the EIC system, you would see a rapidly moving bucket. But if you were looking at the top where it dumps in, you're just seeing material being piled into the mixer. They're not being treated as discrete buckets. What you're doing is actually the accumulating, which is described in their claim. Right, and this is one of the fundamental flaws of their argument. We are accumulating in the sense that the level within the mixer goes up and down depending on how much material, more material starts to go in, the level goes up. If less material goes in, it goes down. But the point is that the claim language is accumulating a batch. You're not accumulating a discrete batch. It's weighed, then the amount of additive is determined after the accumulation. That's correct. A static weight measurement, not a flow rate measurement. That's precisely their point, is it not? I think their point is that when you calculate the flexion on a conveyor belt, or the amount of material coming in through a bucket system over time, that somehow that equates to a static weight measurement. We don't believe that to be the case. In fact, we believe that that really points out the vast distinction between a continuous and a batch process. Are you adding the Portland cement, the additive, on the basis of a flow rate, or on the basis of a weight? On the basis of a flow rate. If you were to look at the process, there's material flowing in, unless it's broken, all the time. And at the same time, you have to accordingly, you have a variable amount of Portland cement constantly flowing. It has to be a basis of weight, doesn't it? Not how fast it's moving through the conveyor. It is based on weight, a weight flow rate, not a static measure of weight. You have to know weight over time. If there's material constantly flowing in, knowing the weight at one given time period is not enough. You have to know how fast it's coming in. You're changing your answer, right? It is on the basis of weight. I think I believe I said it's not on the basis of a static weight measurement, it's on the basis of a weight flow rate. So, I think that's what I'm saying. Flow rate? Right. Weight? It is a calculation of weight over time. Is there a batch that you're weighing? No, there's not a discrete or separate amount of material, your honor. I think what you said early on, really. It isn't if you're measuring by flow rate. You're measuring how much material flows between point A and point B. That's correct. And then you're adding the additives based on that flow rate. Also as a flow rate, yes. Judge Newman's questions with you resulted that that is a weight factor. There is a weight variable with that, yes. Obviously, you're taking into account weight. It has to be. That's the whole system. Right. To add the Portland Smith, whatever you're adding. That's correct. Based on the weight of material that you're solidifying. Weight is obviously a factor, yes. But you're not basing the additive on the weight of some batch that accumulated in the mixture. Right. We have to take into account two variables, the weight and the flow rate of material. What's the difference between a known quantity of material due to measuring it by its flow rate and a known quantity of material by how much it measures in a mixture? Well, let me say it this way. They're both known quantities, right? Right. In the claim system, you need to know how much material in the mixture weighs. And that's all you need to know. But in your system, you do too. You also need to know how fast it's moving. In order to know how much it weighs. I mean, the only reason why you need to know how fast it's moving is because it's a flow rate. That's right. And you have a calculation that based on that calculation, you determine the weight. Now you know how much Portland cement to add. That's right. How much material is moving into the mixer. Isn't that a batch? I mean, when you have something that goes between A and B, and you measure the weight of that flow, and you know how much cement to add, wouldn't that be a batch? I don't believe so, Your Honor. Again, it's not a discrete, separate amount of material. You don't have the interruptions that Judge Rader was referring to in his opening remarks. So again, it's a calculation of a flow rate. That's the only difference, right? I mean, the interruption, what you call the interruption. That, again, in the claim system, you just need to know a static weight measurement. How much is in the mixer? There isn't material flowing in and out at the same time. And so as a result, in the accused systems, you need to know not how much material, if it's a big stack or a small stack on conveyor belt, but you also have to know how fast is that moving into the mixer. Because both variables you have to account for. So it is quite distinct, and that's the point made by the trial court, I think, correctly. There is a sharp contrast between a batch process and a continuous process. And that forms the basis of not only our non-infringement position and our equivalence position with regard to batch, but also feeds into our understanding of the weighing limitations as well. In order to weigh, it's a vastly different system of weighing versus the batch. Sorry, there's just a different system of weighing than you would see in a continuous process. Again, the claim limitation is weighing said or the batch. So to echo back to the point that was made earlier, clearly there's an order of steps here that has to be required. It seems we've gotten to the point here where both systems measure material, determine the weight of the material in order to add the additive. And if there's not a literal infringement, wouldn't we have an infringement under the doctrine of equivalence? Are you referring to the batch or the weighing limitations? To the analogy I just gave you. I'm sorry? To the analogy I just gave you, to the scenario that I just painted. It seems that both systems determine a known quantity of material. The basic problem with that position would be that the word batch appears in all of the claims, in both the weighing limitation and the batch limitation. And with the word batch included in the claim has a specific meaning that the public can rely upon. Under your scenario, if a continuous flow of material could count as a batch, then presumably just about every process to treat material would meet these limitations based on how they move through the system. And we think that would effectively basically write out the word batch in the claim eviscerated. You would have accumulation in your scenario, but you wouldn't have accumulation of a batch. I always bristle a little bit at the vitiation argument because it's just restating the doctrine of equivalence. Of course there's a missing limitation. And of course the public doesn't have notice of a missing limitation. That's the doctrine of equivalence precisely. But wouldn't your better argument be that applying the doctrine of equivalence, they couldn't capture the prior art in any instance. And your process is much closer to the prior art chem fix than it is to a batch system. Well, I do agree with that, your honor. Obviously, that point earlier, actually the chem fix two process is almost identical in many ways to the clean earth process. But it's exactly the same sort of flow through the mixer. I think the point was made earlier that chem fix two is somehow distinct because this continuous flow is allegedly, we don't agree with this, but allegedly at a constant speed or the exact same speed through the mixer. And somehow that makes a difference. But that goes against the construction of batch as that word is commonly understood. And it also is unsupported by the re-exam record. There's no record that the examiner ever agreed with the idea that a batch process could encompass a continuous flow. But to answer your question, yes, it would encompass the prior art as well if it was construed that probably. Just to reiterate on the point of doctrine of equivalence, we talked about vitiation and your problems with that argument. I do think the batch versus continuous distinction, it's sort of like two sides of the same coin, much like other cases we've had. This court has had with majority versus minority and more USA in other cases. With regard to the weighing limitation, we also believe that limitation is vitiated if the accused processes are found to meet the weighing limitation. Specifically, as was pointed out earlier, order of steps should itself be a limitation. You accumulate a batch and then you weigh the batch. So it only makes logical sense that the weighing would occur after the batch is accumulated in the mixer and therefore weighing must occur in the mixer. If, as TGM asserts, this court was to say that it would be equivalent to weigh just before material enters the mixer, that effectively would reorder the steps. And then, in fact, vitiate the order of steps as a limitation. So on that basis, we believe that both limitations would be vitiated if the accused processes were construed to meet... But to repeat, the doctrine of equivalence always assumes that there is some step missing or some step reordered. That's the nature of the doctrine of equivalence. I think it's more than that in this case, Your Honor. How do you know if a missing limitation satisfies the doctrine of equivalence because it's substantially similar or doesn't satisfy it because it vitiates it? It's the same inquiry. Vitiation is just re-performing the doctrine of equivalence inquiry a second time. This time we call it a question of law, but it's the same inquiry. Or whether you... And so it's a disingenuous argument. Stick with your first one. You'd capture the prior art instead. Right. Well, I would also point out in addition to that, that under either analysis, the bottom line point here is that the difference between a continuous process and a batch process is very vast. And that's the point we're making, whether you characterize that as vitiation or something else. But I agree with you, Your Honor. We agree with that position as well that encompasses the prior art. I don't believe I have anything further unless the panel has additional questions for me. Mr. Dennenberg. Thank you. Can we give you three minutes? See if I could do this in three minutes. A continuous process, despite the word continuous, textbook definition of a continuous process is a process where the flow rate in and out of the processor is constant. It's steady state. If you took a picture at 8 in the morning and at 5 in the afternoon, it would look the same. You never accumulate material because flow rate in and out of the processor is the same. You don't need to take a weight determination because you know how much additive needs to be applied to that flow. A batch process has precision where you know the weight of that material in the processor and you can correlate weighing in order to determine how much additive to add. The precision of a batch process can be combined with the throughput of a batch process in what Clean Earth admits their batch process. They try to run it as a continuous batch process. That admission from Barkamp is that each amount goes over a weight scale and that discrete amount is weighed and correlated with additive to get an end product that doesn't read flow rates. It's an end product that's 8% additive Portland cement by weight. If it was a truly continuous process, you don't need to weigh. You always know what's going in and that's always equal to what's going out. The level in the processor would not change. I embrace the ChemFix II prior art and Mr. Bronco, by the way, admission that each batch is retained in the mixer in the EIC 45 to 60 seconds. That's the holding time. That's an admission. The court made a mistake by trying to say anything that runs or conveys continuously is therefore a continuous process and this is a batch process and it can't be the same. If you try to run a batch process quickly, it can become a continuous process, but you still can't rely on the flow rate. You need to take a weight of how much material is going in at any point. What's your response to ChemFix? ChemFix, the second stage where the additive is added, they never take a weight because it was a constant flow in and ChemFix admits... They have to know what the weight is in any system, even with flow rates. I think we went through that with Judge Newman that you have to weigh it. If you know the material going into a system because of its weight, it never varies. If you have a constant flow rate, you never need to take the weight. For example, if you have water going in and out of a system at the exact same amount and you want to add sugar or you want to add coloring to it, that's your quintessential continuous process because you never have to weigh water again. You know it's water. What ChemFix, too, did in their second stage, the mixer stage, is add water to the waste material to get this constant flowable mixture that they knew how much to add without weighing. Okay, Mr. Denenburg, I think our time has expired. Well, thank you very much. Okay, thank you for your argument. Our next case is Mary Mabin.